# Webster v. Adams Express Company, Appellant.

*Negligence—Automobiles—Collision between truck and automobile—Case for jury.*

In an action to recover damages for injuries to an automobile resulting from a collision with the defendant's truck, a verdict and judgment for plaintiff will be sustained where the evidence tends to show that the proximate cause of the accident was the varying and suddenly changing courses of the truck caused by the wavering or vacillating state of mind of the operator of the truck.

In such a case the plaintiff cannot be convicted of contributory negligence per se because he testified that at the time of the accident he was running his automobile at the speed of between twenty to twenty-five miles an hour. It is for the jury and not the court to say that he was running in excess of twenty-four miles per hour, the limit fixed by Section 14 of the Act of July 7, 1913, P. L. 672.

Argued Nov. 22, 1917. Appeal, No. 327, Oct. T., 1917, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1916, No. 396, on verdict for plaintiff in case of George C. Webster v. Adams Express Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages to an automobile. Before BROOMALL, J.

Verdict and judgment for plaintiff for $275.

On a rule for judgment n. o. v. BROOMALL, J., filed the following opinion:

This is an action for negligence. Under the evidence the jury might have found the following facts: On October 15, 1916, at about quarter after five o'clock p. m., plaintiff was driving his automobile southwardly on Kerlin street in the City of Chester. When he (plaintiff) was crossing Twelfth street he saw an auto truck of the defendant, which was being driven northwardly on Kerlin street, on its right-hand side of the street, crossing Eleventh street. Plaintiff was driving on his right-hand side of the street. As he approached defendant's truck, it changed its course, and approached its left-hand side of the street, intending to call for a trunk at the second house north of Eleventh street. Noticing this the plaintiff changed his course to his left, with the view of passing the truck to his left. By this time the vehicles were within fifty or sixty feet of each other. Then the defendant's truck turned again to its right, and the plaintiff recognizing this turned to his right, with the view of passing the truck to his right. By this time the vehicles

were within a few feet of each other, when the defendant's truck was turned again to its left, when the collision took place. The left-hand front wheel of the truck struck the left-hand side of the plaintiff's car, doing the damage for which this suit has been brought.

The defendant urges in support of its motion that there is no evidence of negligent action on its part to be submitted to a jury. We do not agree with this. Ordinary care to avoid accident is the law of the road, and when the evidence may be interpreted that an accident is the result of a vacillating course by one of the parties, and such vacillating course is pursued in the face of a near approaching vehicle, a jury may find such action negligent.

The defendant further urges in support of its motion that the testimony of the plaintiff himself on the subject of speed convicts him of contributory negligence. His testimony was that at the time of the accident he was running at the speed of between twenty to twenty-five miles an hour. If he was running in excess of twenty-four miles per hour, this would be negligence in law, being in violation of Section 14, Act of July 7, 1913, P. L. 672. But according to his testimony he may have been running at less than the prohibited rate. It is not for the court, but for the jury to say which is the fact.

"Where the plaintiff's testimony is contradictory, so that on part of it he is entitled to go to the jury, and on the other part of it, he is not, the case must go to the jury, whose province it is to reconcile conflicting statements, whether of the same or different witnesses or to draw the line between them and say which shall prevail": Ely v. Pittsburgh, C., C. & St. L. Railway, 158 Pa. 233. This principle is lately referred to in Zenzil v. Del., L. & Western Railroad Company, 257 Pa. 473.

Entertaining these views we dismiss defendant's motion for judgment n. o. v.

*Error assigned* was in dismissing defendant's motion for judgment n. o. v.

*J. Borton Weeks,* with him *William I. Schaffer,* for appellant, cited: Rowan v. Atlantic Refining Co., 244 Pa. 201.

*A. B. Geary,* of *Geary & Rankin,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

The automobile of the plaintiff was injured as the result of a collision between it and an auto truck owned by the defendant company and operated by its servant. The case was submitted by the court to the jury and their verdict establishes that the truck of the defendant company was operated negligently and that the plaintiff was in nowise at fault. The defendant, not complaining of the amount of the verdict nor urging that the learned trial judge had committed reversible error in any ruling as to the admission or rejection of evidence, rests its case upon the proposition it was entitled to have a binding direction in its favor, or, that failing, to have had a judgment non obstante veredicto.

There is nothing to be gained by repeated attempts on the part of an appellate court to demonstrate, by an elaborate review of the testimony that there arose, a question or questions of fact which must necessarily be submitted to the jury. The opinion filed by the learned court below refusing to enter a judgment n. o. v. briefly states the facts upon which his conclusion rested. From an examination of the evidence we are not convinced there was any misstatement of the facts that the jury might have found upon the evidence submitted. It cannot successfully be asserted the plaintiff convicted himself of what might be called negligence per se, and much less could it be said, as a matter of law, that the speed of his car, whatever it may have been, was the proximate cause of the collision. There was rather convincing evi-

dence which would warrant the inference that the proximate cause of the injury was the wavering or vacillating state of mind of the operator of the defendant's truck as manifested in the varying and suddenly changing courses of the vehicle.

We are satisfied the opinion of the learned court below, already referred to, sufficiently vindicates the soundness of the conclusion he reached on the defendant's motion for judgment. The assignments of error are, therefore, overruled.

Judgment affirmed.